UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DUNKIN' DONUTS INCORPORATED<br>a Delaware Corporation,<br><br>    Plaintiff,<br>v.<br><br>GOURMET DONUTS, INC.<br>a Massachusetts Corporation and<br>WALID ALNAHHAS d/b/a GOURMET<br>DONUTS, INC.<br>a Citizen and Resident of Massachusetts,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No.<br>)   **05-11351DPW**<br>)<br>)<br>)   MAGISTRATE JUDGE *Bowler*<br>)<br>)<br>)<br>) |

RECEIPT #_____
AMOUNT $ 250
SUMMONS ISSUED_yes_
LOCAL RULE 4.1____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE 6/27/05

## COMPLAINT

### The Parties

1. Dunkin' Donuts Incorporated ("Dunkin'") is a Delaware corporation with its principal place of business at 130 Royall Street, Canton, Massachusetts. It is engaged in the business of franchising independent business persons to operate DUNKIN' DONUTS shops throughout the United States. DUNKIN' DONUTS franchisees are licensed to use the trade names, service marks, and trademarks of DUNKIN' DONUTS and to operate under the DUNKIN' DONUTS system, which involves the production, merchandising, and sale of doughnuts and related products utilizing a specially designed building with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks, and information.

2. Upon information and belief, the defendant, Gourmet Donuts, Inc. is a Massachusetts corporation with its principal place of business at 43 Airport Road Fitchburg, Massachusetts 01420. At all times relevant to this Complaint, Defendant Gourmet Donuts, Inc. was the owner and operator of a retail donut shop located at 338 Park Avenue, Worcester, Massachusetts 01610-1021.

3. Upon information and belief, the defendant, Walid Alnahhas, is a citizen of the Commonwealth of Massachusetts who resides at 18 Wrentham Road, Worcester, Massachusetts 01602. Walid Alnahhas is, upon information and belief, the president of a business known as Gourmet Donuts, Inc. which owns and operates a retail doughnut shop located a 338 Park Avenue, Worcester, Massachusetts 01610-1021.

4. The defendants are not Dunkin' franchisees and are not licensed to use the DUNKIN' DONUTS trademarks, trade name or trade dress.

### Jurisdiction and Venue

5. This Court has jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116(a), 1121; 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### Background Facts

7. Dunkin' is the franchisor of the Dunkin' Donuts franchise system.

8. Dunkin' is the owner of the trademark, service mark, and trade name DUNKIN' DONUTS, and related marks, and has used those marks and name continuously since approximately 1960 to identify the doughnut shops owned and operated by Dunkin' Donuts franchisees, and the doughnuts, pastries, coffee, and other products associated with those shops.

9.  Dunkin' owns numerous federal registrations for the mark DUNKIN' DONUTS. Among those registrations is Registration No. 2,751,008 (attached hereto as Exhibit A). This registration is in full force and effect, and is incontestable, pursuant to 15 U.S.C. § 1065.

10. The DUNKIN' DONUTS trademarks are utilized in interstate commerce.

11. Dunkin' and its franchisees currently operate approximately 4,100 Dunkin' Donuts shops in the United States and over 1,800 outside of the United States. In the more than forty years since the Dunkin' Donuts system began, hundreds of millions of consumers have been served in Dunkin' Donuts shops.

12. The DUNKIN' DONUTS marks have been very widely advertised and promoted by Dunkin' over the years. Dunkin' and its franchisees have expended hundreds of millions of dollars in advertising and promoting the DUNKIN' DONUTS marks over the last thirty years.

13. As a result of the extensive sales, advertising, and promotion of items identified by the DUNKIN' DONUTS marks, the public has come to know and recognize the DUNKIN' DONUTS marks, and to associate them exclusively with products and services offered by Dunkin' and its franchisees. The DUNKIN' DONUTS marks are among the best and most widely known trademarks in the United States today, and are assets of inestimable value to Dunkin', representing and embodying Dunkin's considerable goodwill and favorable reputation.

14. Upon information and belief, the defendants are owners, managers, and/or operators of a retail doughnut shop located at 338 Park Avenue, Worcester, Massachusetts 01610-1021, imitating the DUNKIN' DONUTS trademarks without the consent or license of Dunkin'.

15. On or about June 2, 2005, Dunkin' notified defendant Walid Alnahhas that the use of the cup design, type style and color scheme (orange and pink) on his GOURMET DONUTS exterior sign constituted an unlawful infringement upon DUNKIN' DONUTS' trademarks, trade name, and trade dress, and demanded that the infringing activities cease. To date, the infringement continues.

## Count I
### (Trademark Infringement)

16. Dunkin' realleges paragraphs 1-15.

17. A sign attached to the exterior of the defendant's shop displays a cup and the words "GOURMET DONUTS" in an identical or substantially indistinguishable lettering style and coloring scheme as that used at Dunkin' Donut shops operated by Dunkin' licensees (see photo attached hereto as Exhibit B).

18. The defendants' shop uses a roadside sign prominently displaying a cup and the words "GOURMET DONUTS" in an identical or substantially indistinguishable lettering style and coloring scheme as that used at Dunkin' Donuts shops operated by Dunkin' licensees (see photo attached hereto as Exhibit C).

19. Defendants' imitation of the mark DUNKIN' DONUTS to identify the doughnut shop in Worcester, Massachusetts is likely to confuse or deceive the public into believing, contrary to fact, that this shop is licensed, franchised, sponsored, authorized or otherwise approved by Dunkin', or is in some other way connected or affiliated with Dunkin'. Such imitation infringes Dunkin's exclusive right in the DUNKIN' DONUTS trademarks under § 32 of the Lanham Act, 15 U.S.C. § 1114.

20. Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

21. As a result of the defendants' infringement of the DUNKIN' DONUTS marks, Dunkin' has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Dunkin' prays that this Court:

A. Enjoin each defendant, and all those acting in concert with any of them, by preliminary and permanent injunction, from infringing upon the DUNKIN' DONUTS trademark, service marks, trade name, or trade dress, and from otherwise engaging in unfair competition with Dunkin';

B. Enjoin each defendant to file with the Court and serve on Dunkin', within thirty days after the service upon the defendant of the injunction, a report in writing under oath setting forth in detail the manner and form in which each defendant has complied with the injunction;

C. Award Dunkin' judgment against each defendant for the damages Dunkin' has sustained and the profits each defendant has derived as a result of its trademark infringement, or such damages the Court deems just, that such damages be assessed in a separate accounting procedure and trebled in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

D. Award Dunkin' prejudgment interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

E.   Award Dunkin' such exemplary or punitive damages against each defendant as are deemed appropriate because of the willful and malicious nature of the each defendants' conduct;

F.   Award Dunkin' its costs and attorneys' fees incurred in connection with this action, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117; and

G.   Award Dunkin' such other relief as this Court may deem just and proper.

Respectfully submitted,

*Robert A. Murphy*

Robert A. Murphy, BBO #363700
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900

Attorney for Plaintiff
Dunkin' Donuts Incorporated

Dated:  June 27, 2005

# EXHIBIT A

Case 1:05-cv-11351-DPW     Document 1     Filed 06/27/2005     Page 7 of 12

Int. Cls.: 29, 30, 32, and 43

Prior U.S. Cls.: 45, 46, 48, 100, and 101

**United States Patent and Trademark Office**

Reg. No. 2,751,008
Registered Aug. 12, 2003

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



DUNKIN' DONUTS USA, INC. (MICHIGAN CORPORATION)
P.O. BOX 33006
DETROIT, MI 48232

FOR: FRUIT-BASED FILLINGS FOR DOUGHNUTS, COOKIES, CAKES AND PIES; EDIBLE OILS AND FATS; FRUIT TOPPING; NUT TOPPING; SHORTENINGS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 2-28-2002; IN COMMERCE 2-28-2002.

FOR: DOUGHNUTS AND BAKERY PRODUCTS; COFFEE; TEA; COCOA; SUGAR; COOKIES; CAKES; PIES; MUFFINS; PLAIN, GLAZED, COATED AND FILLED FRIED CAKES; BAGELS; CHOCOLATE-BASED FILLINGS FOR CAKES AND PIES; CUSTARD-BASED FILLINGS FOR CAKES AND PIES; CHOCOLATE-BASED TOPPING; FLOUR; FLAVORING EXTRACTS; CONFECTIONERY CHIPS FOR BAKING; HONEY; YEAST; BAKING-POWDER; HOT CHOCOLATE; HOT COCOA, IN CLASS 30 (U.S. CL. 46).

FIRST USE 5-8-2001; IN COMMERCE 5-8-2001.

FOR: FRUIT DRINKS AND FRUIT JUICES; COFFEE-FLAVORED SOFT DRINKS; SYRUPS AND OTHER PREPARATIONS, CONCENTRATES AND POWDER, FOR SOFT DRINKS AND FRUIT DRINKS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 5-8-2001; IN COMMERCE 5-8-2001.

FOR: RESTAURANT AND CARRY-OUT FOOD SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 5-8-2001; IN COMMERCE 5-8-2001.

OWNER OF U.S. REG. NOS. 748,901, 1,159,354, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "DONUTS", APART FROM THE MARK AS SHOWN.

THE CUP IS WHITE AND LINED IN ORANGE ON A PINK BACKGROUND. THE WORDS "DUNKIN'" ARE IN ORANGE AND THE WORDS "DONUTS" IN PINK.

THE MARK CONSISTS OF THE DESIGN OF A CUP CONTAINING A HOT BEVERAGE ADJACENT TO THE WORDS "DUNKIN' DONUTS" IN DESIGN.

SN 76-266,478, FILED 6-5-2001.

ANGELA M. MICHELI, EXAMINING ATTORNEY

# EXHIBIT B



# EXHIBIT C



**05-11351 DPW**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Dunkin' Donuts Incorporated v. Gourmet Donuts, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Robert A. Murphy__
ADDRESS __Casner & Edwards, LLP, 303 Congress Street, Boston, MA  02210__
TELEPHONE NO. __(617) 426-5900__

(CategoryForm.wpd - 5/2/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05 11351 DPW

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Dunkin' Donuts Incorporated

**DEFENDANTS**
Gourmet Donuts, Inc. and Walid Alnahhas d/b/a Gourmet Donuts, Inc.

(b) County of Residence of First Listed Plaintiff   Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert A. Murphy, Casner & Edwards, LLP, 303 Congress St., Boston, MA 02210, (617) 426-5900

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. section 1125(c) (the Lanham Act)
Brief description of cause:
Trademark Dilution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** Injunction & Damages
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE   6/27/05
SIGNATURE OF ATTORNEY OF RECORD   Robert A. Murphy

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____