IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____ )
DUNKIN' DONUTS INCORPORATED )
 a Delaware Corporation, )
                Plaintiff, )
                         )     C.A. No.: 05-11351DPW
     v. )
  )
GOURMET DONUTS, INC )
 a Massachusetts Corporation and )
WALID ALNAHAS d/b/a GOURMET )
DONUTS, INC. )
 a Citizen and Resident of Massachusetts )
                Defendants. )
_____

### DEFENDANTS' ANSWER TO COMPLAINT, AND JURY DEMAND

1. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 1.

2. Denied as to Gourmet Donuts, Inc. being owner and operator of the 338 Park Avenue shop, otherwise admitted.

3. Denied as to Gourmet Donuts, Inc. being owner and operator of the 338 Park Avenue shop, and as to Mr. Alanhas's address. Otherwise admitted.

4. Admitted.

5. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 5.

6. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 6.

7. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 7.

8. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 8.

9. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 9.

10. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 10.

11. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 11.

12. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 12.

13. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 13.

14. Denied, as understood. Objected to in that the question whether a party is owner, manager and/or operator of a business is ambiguous.

15. Denied.

16. See above.

17. Defendants admit that exhibit B. is a photograph of Defendants' sign. Otherwise, Defendants are without knowledge or information sufficient to admit or deny the rest of Plaintiff's Allegation 17.

18. Defendants admit that exhibit C. is a photograph of Defendants' sign. Otherwise, Defendants are without knowledge or information sufficient to admit or deny the rest of Plaintiff's Allegation 18.

19. Denied.

20. Denied.

21. Denied.

AFFIRMATIVE DEFENSES.

Defendants' Affirmative Defense 1. It does not appear that Plaintiffs have alleged that Defendants have infringed Plaintiff''s registered mark.

Defendants' Affirmative Defense 2.  The elements common to Plaintiff's mark and Defendants' signs are merely descriptive of the services provided by Defendants, and allegedly provided by Plaintiff.

Defendants' Affirmative Defense 3.  The elements common to Plaintiff's mark and Defendants' signs are not distinctive and not capable of acting as a trademark or service mark.

Defendants' Affirmative Defense 4.  Plaintiff has abandoned the registered mark.

Defendants' Affirmative Defense 5.  The use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, of the party's individual name in his own business, or of the individual name of anyone in privity with such party.

Defendants' Affirmative Defense 6. The use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party.

Defendants' Affirmative Defense 7. The font used by the Plaintiff in its registered mark and in its actual marks is a common font that is incapable of acting as a trademark or as a significant element of a trademark.

Defendants' Affirmative Defense 8. The colors used by the Plaintiff in its registered mark and in its actual marks are common colors that are incapable of acting as a trademark or as a significant element of a trademark.

Defendants' Affirmative Defense 9.  The beverage cup used by the Plaintiff in its registered mark and in its actual marks is a common graphic merely indicative of a product sold by Plaintiff and by Defendants and is therefore incapable of acting as a trademark or as a significant element of a trademark.

Defendants' Affirmative Defense 10. The colors specified in Plaintiff's registration, namely orange and pink, are not the colors used by Defendants.

Defendants' Affirmative Defense 11. Plaintiff was aware of Defendants signs for significant period of time prior to Plaintiff expressing objection, and therefore Plaintiff's action is barred by laches, estoppel, and acquiescence.

JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

                Respectfully submitted,

                 /s/ Gerry A. Blodgett

                BY:_____
                Gerry A. Blodgett, BBO # 046160
                gblodgett@bablaw.com
                BLODGETT & BLODGETT, P.C.
                43 Highland Street
                Worcester, MA 01609-2797
                Attorney for Defendant
                Gourmet Donuts, Inc.
                And Walid Alnahas

Date:  July 18, 2005

I hereby certify that a true copy of the above document was served on the attorney of record for each other party by first class mail on July 18, 2005.


/s/ Gerry A. Blodgett

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
**DUNKIN' DONUTS INCORPORATED**                     )
 a Delaware Corporation,                            )
                              Plaintiff,            )
                                                    )   C.A. No.: 05-11351DPW
        v.                                          )
                                                    )
**GOURMET DONUTS, INC**                             )
 a Massachusetts Corporation and                    )
**WALID ALNAHAS d/b/a GOURMET**                     )
**DONUTS, INC.**                                    )
 a Citizen and Resident of Massachusetts            )
                              Defendants.           )
_____

### CORPORATE DISCLOSURE STATEMENT
### PURSUANT TO LOCAL RULE 7.3 AND FEDERAL RULE 7.1

Pursuant to Local Rule 7.3 and Federal Rule 7.1, Defendant Gourmet Donuts, Inc. makes the following statement identifying all their parent corporations, and listing any publicly held company that owns 10% or more of the parties' stock:

Defendant Gourmet Donuts, Inc. has no parent corporation.  Defendant is not aware of any publicly held company that owns 10% or more of Defendant's stock.

                                          Respectfully submitted,


                                          BY:  /s/ Gerry A. Blodgett
                                          Gerry A. Blodgett, BBO # 046160
                                          gblodgett@bablaw.com
                                          BLODGETT & BLODGETT, P.C.
                                          43 Highland Street
                                          Worcester, MA 01609-2797
                                          Attorney for Defendant
                                          Gourmet Donuts, Inc.

Date: July 18, 2005
I hereby certify that a true copy of the above document was served on the attorney of record for each other party by first class mail on July 18, 2005.

/s/ Gerry A. Blodgett