UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUNKIN' DONUTS INCORPORATED <br> a Delaware Corporation, <br><br> Plaintiff, <br> v. <br><br> GOURMET DONUTS, INC. <br> a Massachusetts Corporation and <br> WALID ALNAHHAS d/b/a GOURMET <br> DONUTS, INC. <br> a Citizen and Resident of Massachusetts, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     C.A. No.  05-11351 DPW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT SCHEDULING CONFERENCE STATEMENT
AND PROPOSED SCHEDULING PLAN**

Counsel for the parties have conferred and now submit their Joint Statement pursuant to

Rule 16.1(B) of the Local Rules of this Court.

I.      AGENDA FOR SCHEDULING CONFERENCE

      A.      The parties' proposed discovery plan;

      B.      The parties' proposed schedule for filing amendments to pleadings and motions.

II.     PROPOSED DISCOVERY PLAN

The parties have agreed to the following:

      A.      Fact Discovery

      (1)     Each of the parties[1] will complete its automatic required disclosure pursuant to

L. R. Civ. P. 26.2 by September 13, 2005.  The plaintiff requests that it be allowed additional

---

[1] The defendants are considered to be one party for all aspects of this Joint Statement.

time to determine and disclose its computation of damages given the complex nature of damages

allegedly suffered and continuing to be allegedly suffered by the plaintiff. The computation will

be based, in part, on discovery of the defendants' financial and/or other business information,

including, but not limited to, the defendants' income and profit derived from its alleged imitating

of the plaintiff's trademarks without the consent or license of the plaintiff.

(2)    Fact discovery shall be completed no later than March 17, 2006.

(3)    Requests for Production of Documents: Each party, at its discretion, shall be

allowed to serve upon the other party two (2) sets of requests, not to exceed thirty (30) requests

in aggregate.

(4)    Interrogatories: Each party, at its discretion, shall be allowed to serve upon the

other party two (2) sets of interrogatories, not to exceed twenty-five (25) interrogatories, per set.

(5)    Requests for Admissions: Each party, at its discretion, shall be allowed to serve

upon the other party one (1) set of requests for admissions, not to exceed twenty (20) requests.

(6)    Non-expert Depositions: Each party, at its discretion, shall be entitled to conduct

no more than five non-expert depositions. Said non-expert depositions shall be completed no

later than March 17, 2006.

B.    Expert Discovery

The plaintiff shall disclose its experts and serve any reports required by Fed. R. Civ. P.

26(a)(2) for all such experts they intend to offer no later than April 3, 2006. The defendants

shall disclose their experts and serve reports for all such experts they intend to offer no later than

April 17, 2006. Each party, at its discretion, shall be entitled to conduct no more than one (1)

deposition of each expert

disclosed pursuant to this subsection. Depositions, if any, of experts must be concluded no later

than May 31, 2006.

      C.      <u>Phased Discovery And Discovery Limitations</u>

The parties agree that they see no benefit to phased discovery at this time.

III.    <u>PROPOSED MOTION PLAN</u>

      A.      <u>Motion To Amend Pleadings And Joinder</u>

The defendants have denied certain paragraphs of plaintiff's complaint relating to ownership of the defendant entities.  The plaintiff proposes that all such Motions shall be filed by January 15, 2006, which should allow plaintiff reasonable time to discover the basis of the defendants' denials, the identity of all relevant owners of the defendant entities, and the need for such Motions, if any.

      B.      <u>Dispositive Motions</u>

The parties agree that dispositive motions will be filed by June 30, 2006.

This Scheduling Plan may be amended at the consent of all parties, or upon Motion and Order of the Court in accordance with L. R. Civ. P. 16.1(G).

IV.    <u>TRIAL</u>

      A.      <u>Trial By Magistrate</u>

At this time, the parties do not consent to a trial before the Magistrate Judge.

      B.      <u>Time For Trial</u>

The parties anticipate that they will be ready for trial by July, 2006.

V.    <u>CERTIFICATIONS</u>

All parties have submitted the certifications required by Local Rule 16.1(D)(3).

Respectfully submitted,

/s/ Robert A. Murphy

_____
Robert A. Murphy, BBO #363700
Matthew L. Lunenfeld, BBO #637206
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900


Attorney for Plaintiff
Dunkin' Donuts Incorporated

/s/ Gerry A. Blodgett

_____
Gerry A. Blodgett, Esq., BBO # 46,160
Blodgett & Blodgett, P.C.
43 Highland Street
Worcester, MA  01609-2797
(508) 753-5533


Attorney For Defendants
Gourmet Donuts, Inc. and Walid Alnahhas.

Dated:  August _25_, 2005

CERTIFICATE OF SERVICE

I certify that I have served a copy of this document on the attorneys for all parties on August 25, 2005.

/s/ Gerry A. Blodgett