UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUNKIN' DONUTS INCORPORATED<br>  a Delaware Corporation,<br><br>                    Plaintiff,<br>        v.<br><br><br>GOURMET DONUTS, INC.<br>  a Massachusetts Corporation and<br>WALID ALNAHHAS d/b/a GOURMET<br>DONUTS, INC.<br>  a Citizen and Resident of Massachusetts,<br><br>                    Defendants. | C.A. No. 05-11351 DPW |

**ASSENTED TO MOTION TO**
**AMEND COMPLAINT**

1.     In compliance with this Court's Order of August 30, 2005, Defendants' attorney has advised that, on information and belief, the owner/operator of the shop at 338 Park Avenue, Worcester, Massachusetts is Donut Castle, Inc., a Massachusetts corporation and that the president of that corporation is Walid Alnahhas.

2.     Consequently, the plaintiff respectfully moves that it be allowed to file the First Amended Complaint (attached hereto as Exhibit 1), which adds Donut Castle, Inc. as a defendant and amends paragraphs 2 and 3 of the Complaint to reflect the information contained in paragraph one of this Motion and to change the residence of Mr. Alnahhas in paragraph three.

Dated: October 12, 2005

Respectfully submitted,
DUNKIN' DONUTS INCORPORATED
By its attorneys,


/s/ Robert A. Murphy
Robert A. Murphy, BBO #363700
Matthew L. Lunenfeld, BBO #637206
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900
rmurphy@casneredwards.com

ASSENTED TO:


/s/ Gerry A. Blodgett
Gerry A. Blodgett, BBO #46,160
BLODGETT & BLODGETT, P.C.
43 Highland Street
Worcester, MA  01609-2797
(508) 753-5533

Attorney for Defendants
Gourmet Donuts, Inc. and Walid Alnahhas


3648.93/364410.1

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
DUNKIN' DONUTS INCORPORATED,                )
  a Delaware Corporation,                   )
                                            )
                    Plaintiff,              )
        v.                                  )
                                            )   C.A. No. 05-11351 DPW
                                            )
GOURMET DONUTS, INC.,                       )
  a Massachusetts Corporation,              )
DONUT CASTLE, INC.,                         )
  a Massachusetts Corporation, and          )
WALID ALNAHHAS,                             )
  a Citizen and Resident of Massachusetts,  )
                                            )
                    Defendants.             )
_____)

# FIRST AMENDED COMPLAINT

## The Parties

1.     Dunkin' Donuts Incorporated ("Dunkin'") is a Delaware corporation with its principal place of business at 130 Royall Street, Canton, Massachusetts. It is engaged in the business of franchising independent business persons to operate DUNKIN' DONUTS shops throughout the United States. DUNKIN' DONUTS franchisees are licensed to use the trade names, service marks, and trademarks of DUNKIN' DONUTS and to operate under the DUNKIN' DONUTS system, which involves the production, merchandising, and sale of doughnuts and related products utilizing a specially designed building with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks, and information.

2. Upon information and belief, the defendant, Donut Castle, Inc., is a Massachusetts corporation with its principal place of business at 338 Park Avenue, Worcester, Massachusetts 01610. At all times relevant to this First Amended Complaint, defendant Donut Castle, Inc. was the owner and operator of a retail donut shop located at 338 Park Avenue, Worcester, Massachusetts 01610-1021.

3. Upon information and belief, the defendant, Walid Alnahhas, is a citizen of the Commonwealth of Massachusetts who resides at 3 Moreland Green Drive, Worcester, Massachusetts 01609. Walid Alnahhas is, upon information and belief, the president of a business known as Donut Castle, Inc. which owns and operates a retail doughnut shop located at 338 Park Avenue, Worcester, Massachusetts 01610-1021. Said Walid Alnahhas is also, upon information and belief, the president of Gourmet Donuts, Inc., which does business at 338 Park Avenue, Worcester, Massachusetts 01610-1021

4. The defendants are not Dunkin' franchisees and are not licensed to use the DUNKIN' DONUTS trademarks, trade name or trade dress.

## Jurisdiction and Venue

5. This Court has jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116(a), 1121; 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## Background Facts

7. Dunkin' is the franchisor of the Dunkin' Donuts franchise system.

8. Dunkin' is the owner of the trademark, service mark, and trade name DUNKIN' DONUTS, and related marks, and has used those marks and name continuously since

approximately 1960 to identify the doughnut shops owned and operated by Dunkin' Donuts franchisees, and the doughnuts, pastries, coffee, and other products associated with those shops.

9. Dunkin' owns numerous federal registrations for the mark DUNKIN' DONUTS. Among those registrations is Registration No. 2,751,008 (attached hereto as Exhibit A). This registration is in full force and effect, and is incontestable, pursuant to 15 U.S.C. § 1065.

10. The DUNKIN' DONUTS trademarks are utilized in interstate commerce.

11. Dunkin' and its franchisees currently operate approximately 4,100 Dunkin' Donuts shops in the United States and over 1,800 outside of the United States. In the more than forty years since the Dunkin' Donuts system began, hundreds of millions of consumers have been served in Dunkin' Donuts shops.

12. The DUNKIN' DONUTS marks have been very widely advertised and promoted by Dunkin' over the years. Dunkin' and its franchisees have expended hundreds of millions of dollars in advertising and promoting the DUNKIN' DONUTS marks over the last thirty years.

13. As a result of the extensive sales, advertising, and promotion of items identified by the DUNKIN' DONUTS marks, the public has come to know and recognize the DUNKIN' DONUTS marks, and to associate them exclusively with products and services offered by Dunkin' and its franchisees. The DUNKIN' DONUTS marks are among the best and most widely known trademarks in the United States today, and are assets of inestimable value to Dunkin', representing and embodying Dunkin's considerable goodwill and favorable reputation.

14. Upon information and belief, the defendants are owners, managers, and/or operators of a retail doughnut shop located at 338 Park Avenue, Worcester, Massachusetts

01610-1021, imitating the DUNKIN' DONUTS trademarks without the consent or license of Dunkin'.

15. On or about June 2, 2005, Dunkin' notified defendant Walid Alnahhas that the use of the cup design, type style and color scheme (orange and pink) on his GOURMET DONUTS exterior sign constituted an unlawful infringement upon DUNKIN' DONUTS' trademarks, trade name, and trade dress, and demanded that the infringing activities cease. To date, the infringement continues.

## Count I
### (Trademark Infringement)

16. Dunkin' realleges paragraphs 1-15.

17. A sign attached to the exterior of the defendant's shop displays a cup and the words "GOURMET DONUTS" in an identical or substantially indistinguishable lettering style and coloring scheme as that used at Dunkin' Donut shops operated by Dunkin' licensees (see photo attached hereto as Exhibit B).

18. The defendants' shop uses a roadside sign prominently displaying a cup and the words "GOURMET DONUTS" in an identical or substantially indistinguishable lettering style and coloring scheme as that used at Dunkin' Donuts shops operated by Dunkin' licensees (see photo attached hereto as Exhibit C).

19. Defendants' imitation of the mark DUNKIN' DONUTS to identify the doughnut shop in Worcester, Massachusetts is likely to confuse or deceive the public into believing, contrary to fact, that this shop is licensed, franchised, sponsored, authorized or otherwise approved by Dunkin', or is in some other way connected or affiliated with Dunkin'. Such

imitation infringes Dunkin's exclusive right in the DUNKIN' DONUTS trademarks under § 32 of the Lanham Act, 15 U.S.C. § 1114.

20.     Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

21.     As a result of the defendants' infringement of the DUNKIN' DONUTS marks, Dunkin' has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Dunkin' prays that this Court:

A.     Enjoin each defendant, and all those acting in concert with any of them, by preliminary and permanent injunction, from infringing upon the DUNKIN' DONUTS trademark, service marks, trade name, or trade dress, and from otherwise engaging in unfair competition with Dunkin';

B.     Enjoin each defendant to file with the Court and serve on Dunkin', within thirty days after the service upon the defendant of the injunction, a report in writing under oath setting forth in detail the manner and form in which each defendant has complied with the injunction;

C.     Award Dunkin' judgment against each defendant for the damages Dunkin' has sustained and the profits each defendant has derived as a result of its trademark infringement, or such damages the Court deems just, that such damages be assessed in a separate accounting procedure and trebled in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

D.     Award Dunkin' prejudgment interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

  E. Award Dunkin' such exemplary or punitive damages against each defendant as are deemed appropriate because of the willful and malicious nature of the each defendants' conduct;

  F. Award Dunkin' its costs and attorneys' fees incurred in connection with this action, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117; and

  G. Award Dunkin' such other relief as this Court may deem just and proper.

          Respectfully submitted,

          _____
          Robert A. Murphy, BBO #363700
          Matthew L. Lunenfeld, BBO #637206
          CASNER & EDWARDS, LLP
          303 Congress Street
          Boston, MA 02210
          (617) 426-5900
          rmurphy@casneredwards.com

          Attorneys for Plaintiff
          Dunkin' Donuts Incorporated

Dated: _____, 2005

3648.93/364417.1