IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____           )
DUNKIN' DONUTS INCORPORATED                           )
 a Delaware Corporation,                              )
                      Plaintiff,           )
                                           )   C.A. No.: 05-11351DPW
               v.                                  )
GOURMET DONUTS, INC.,                                 )
 a Massachusetts Corporation,                         )
DONUTS CASTLE, INC.,                                  )
 a Massachusetts Corporation, and                     )
WALID ALNAHHAS d/b/a GOURMET                          )
DONUTS, INC.                                          )
 a Citizen and Resident of Massachusetts,             )
                      Defendants.          )
_____

## DEFENDANTS' ANSWER TO PLAINTIF'S FIRST AMENDED COMPLAINT, AND JURY DEMAND

1. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 1.

2. Admitted.

3. Denied as to Gourmet Donuts, Inc. doing business at 338 Park Avenue, Worcester, Massachusetts. Otherwise admitted.

4. Admitted.

5. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 5.

6. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 6.

7. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 7.

8. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 8.

9. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 9.

10. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 10.

11. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 11.

12. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 12.

13. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 13.

14. Denied as to Gourmet Donuts, Inc. being an owner, manager, and/or operator of the business at 338 Park Avenue, Worcester, Massachusetts.  Also denied as to defendants imitating the DUNKIN' DONUTS trademarks without the consent or license of Dunkin'. Otherwise admitted.

15. Denied.

16. See above.

17. Defendants admit that Exhibit B is a photograph of a sign at the shop at 338 Park Avenue, Worcester, Massachusetts, but denies that the photograph accurately presents the color of the word DONUTS.  Defendants deny that the shop is defendant Gourmet Donuts, Inc.'s shop.  Defendants admit that the shop sign displays a cup. Otherwise, Defendants are without knowledge or information sufficient to admit or deny the rest of Plaintiff's Allegation 17.

18. Defendants admit that Exhibit C is a photograph of a sign at the shop at 338 Park Avenue, Worcester, Massachusetts, but denies that the photograph accurately presents the color of the word DONUTS.  Defendants deny that the shop is defendant Gourmet Donuts, Inc.'s shop.  Defendants admit that the shop sign displays a cup. Otherwise, Defendants are without knowledge or information sufficient to admit or deny the rest of Plaintiff's Allegation 18.

19. Denied.

20. Denied.

21. Denied.

AFFIRMATIVE DEFENSES.

Defendants' Affirmative Defense 1.  It does not appear that Plaintiffs have alleged that Defendants have infringed Plaintiff's allegedly federally registered mark, so there is no subject matter jurisdiction in this federal court.

Defendants' Affirmative Defense 2.  The elements common to Plaintiff's mark and Defendants' signs are merely descriptive of the services provided by Defendants, and allegedly provided by Plaintiff.

Defendants' Affirmative Defense 3.  The elements common to Plaintiff's mark and Defendants' signs are not distinctive and not capable of acting as a trademark or service mark.

Defendants' Affirmative Defense 4.  Plaintiff has abandoned the registered mark.

Defendants' Affirmative Defense 5.  The use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, of the party's individual name in his own business, or of the individual name of anyone in privity with such party.

Defendants' Affirmative Defense 6. The use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party.

Defendants' Affirmative Defense 7. The font used by the Plaintiff in its registered mark and in its actual marks is a common font that is incapable of acting as a trademark or as a significant element of a trademark.

Defendants' Affirmative Defense 8. The colors used by the Plaintiff in its registered mark and in its actual marks are common colors that are incapable of acting as a trademark or as a significant element of a trademark.

Defendants' Affirmative Defense 9.  The beverage cup used by the Plaintiff in its registered mark and in its actual marks is a common graphic merely indicative of a product sold by Plaintiff and by Defendants and is therefore incapable of acting as a trademark or as a significant element of a trademark.

Defendants' Affirmative Defense 10. The colors specified in Plaintiff's registration, namely orange and pink, are not the colors used by Defendants.

Defendants' Affirmative Defense 11. Plaintiff was aware of Defendants signs for significant

period of time prior to Plaintiff expressing objection, and therefore Plaintiff's action is barred by laches, estoppel, and acquiescence.

Defendants' Affirmative Defense 12. It does not appear that Plaintiff has alleged any violation of its rights by defendant Gourmet Donuts, Inc.

JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Gerry A. Blodgett

BY:_____
Gerry A. Blodgett, BBO # 046160
gblodgett@bablaw.com
BLODGETT & BLODGETT, P.C.
43 Highland Street
Worcester, MA 01609-2797
Attorney for Defendants
Gourmet Donuts, Inc.,
Donut Castle, Inc.,
and Walid Alnahhas

Date:   November 22, 2005

I hereby certify that a true copy of the above document was served on the attorney of record for each other party on November 22, 2005.


/s/ Gerry A. Blodgett

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
DUNKIN' DONUTS INCORPORATED         )
 a Delaware Corporation,            )
                        Plaintiff,  )
                                    )   C.A. No.: 05-11351DPW
          v.                        )
                                    )
GOURMET DONUTS, INC.,               )
 a Massachusetts Corporation,       )
DONUT CASTLE, INC.,                 )
 a Massachusetts Corporation, and   )
WALID ALNAHHAS d/b/a GOURMET        )
DONUTS, INC.                        )
 a Citizen and Resident of Massachusetts )
                        Defendants. )
_____

**CORPORATE DISCLOSURE STATEMENT
PURSUANT TO LOCAL RULE 7.3 AND FEDERAL RULE 7.1**

Pursuant to Local Rule 7.3 and Federal Rule 7.1, Defendant Gourmet Donuts, Inc. makes the following statement identifying all their parent corporations, and listing any publicly held company that owns 10% or more of the parties' stock:

Defendant Gourmet Donuts, Inc. has no parent corporation. Defendant is not aware of any publicly held company that owns 10% or more of Defendant's stock.

                                    Respectfully submitted,

                                    BY:  /s/ Gerry A. Blodgett
                                    Gerry A. Blodgett, BBO # 046160
                                    gblodgett@bablaw.com
                                    BLODGETT & BLODGETT, P.C.
                                    43 Highland Street
                                    Worcester, MA 01609-2797
                                    Attorney for Defendant
                                    Gourmet Donuts, Inc.

Date: November 22, 2005
I hereby certify that a true copy of the above document was served on the attorney of record
for each other party on November 22, 2005.
/s/ Gerry A. Blodgett

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

DUNKIN' DONUTS INCORPORATED
 a Delaware Corporation,
                    Plaintiff,

                    C.A. No.: 05-11351DPW

      v.

GOURMET DONUTS, INC.,
 a Massachusetts Corporation,
DONUT CASTLE, INC.,
 a Massachusetts Corporation, and
WALID ALNAHHAS d/b/a GOURMET
DONUTS, INC.
 a Citizen and Resident of Massachusetts
                      Defendants.

_____

**CORPORATE DISCLOSURE STATEMENT
PURSUANT TO LOCAL RULE 7.3 AND FEDERAL RULE 7.1**

     Pursuant to Local Rule 7.3 and Federal Rule 7.1, Defendant Donut Castle, Inc. makes the following statement identifying all their parent corporations, and listing any publicly held company that owns 10% or more of the parties' stock:

     Defendant Donut Castle, Inc. has no parent corporation. Defendant is not aware of any publicly held company that owns 10% or more of Defendant's stock.

                                        Respectfully submitted,

                                        BY:  /s/ Gerry A. Blodgett
                                        Gerry A. Blodgett, BBO # 046160
                                        gblodgett@bablaw.com
                                        BLODGETT & BLODGETT, P.C.
                                        43 Highland Street
                                        Worcester, MA 01609-2797
                                        Attorney for Defendant
                                        Donut Castle, Inc.

Date:  November 22, 2005
I hereby certify that a true copy of the above document was served on the attorney of record
for each other party on November 22, 2005.
/s/ Gerry A. Blodgett